**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

ARSHAUN COLLINS,

       Plaintiff,

v.                                       No.  2:10-cv-02105-cgc

FEDEX CORPORATION,

       Defendant.

**ORDER GRANTING DEFENDANT FEDEX CORPORATION'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Before the Court is Defendant FedEx Corporation's[1] Motion for Judgment on the Pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (D.E. #8).  Defendant asserts that Plaintiff's claims of racial discrimination under Title VII, 42 U.S.C. § 2000e, et seq., should be dismissed as a matter of law for failure to file a Charge of Discrimination and failure to obtain a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC").  Plaintiff's Response to the instant motion argues that he completed an EEOC Questionnaire that should be deemed a proper Charge of Discrimination; however, Plaintiff's Complaint only states that he "attempted to file a Complaint . . . but was denied this right."  For the reasons set forth herein, Defendant's Motion for Judgment on the Pleadings as to Plaintiff's Title VII claim of racial discrimination is GRANTED.

---

[1]  Defendant further asserts that Plaintiff has sued an improper party because FedEx Express, a separate and distinct entity from FedEx Corporation, was Plaintiff's actual employer against whom he seeks to pursue relief.  See Def.'s Mot. for J. on the Pleadings at n.1.

1

## I. Background

On February 9, 2010, Plaintiff Arshaun Collins[2] filed a Complaint for Discrimination in Employment ("Complaint") against FedEx Corporation in the Chancery Court of Shelby County, Tennessee.  The Complaint alleges that Plaintiff was employed by FedEx Corporation, was terminated from the position of ramp manager on August 3, 2008 on the bases of race and national origin, and was replaced by a Caucasian individual.  Accordingly, Plaintiff claims that Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and committed intentional infliction of emotional distress and negligent infliction of emotional distress.  With respect to the exhaustion of administrative remedies, the Complaint only states that "Plaintiff attempted to file a Complaint with the Equal Employment Opportunity Commission but was denied this right."  Pl.'s Compl. ¶ 4.  Defendant filed its Notice of Removal to this Court on February 12, 2010.

On February 17, 2010, Defendant filed a Partial Motion to Dismiss as to Plaintiff's claims of negligent infliction of emotional distress and intentional infliction of emotional distress (D.E. #3) and a Second Partial Motion to Dismiss as to Plaintiff's Title VII claim of discrimination on the basis of national origin (D.E. #4).  On March 29, 2010, the parties submitted a Stipulation of Voluntary Dismissal with prejudice as to the claims of negligent infliction of emotional distress, intentional infliction of emotional distress, and discrimination on the basis of national origin (D.E. #12).  Thereafter, the Court found Defendant's partial motions to dismiss as moot (D.E. #___).  Accordingly, Plaintiff's claim of racial discrimination in violation of Title VII is the sole claim

---

[2] Defendant states that, upon information and belief, it believes Plaintiff's name is misspelled in Plaintiff's Complaint.  Based upon employment records and correspondence from Plaintiff's attorney, Defendant avers that Plaintiff's first name should be spelled "Arshun" instead of "Arshaun."

pending before this Court.

On March 9, 2010, Defendant FedEx Corporation filed the instant Motion for Judgment on the Pleadings as to the Title VII claim of racial discrimination.  Defendant asserts that Plaintiff admittedly failed to file a Charge of Discrimination or obtain a Notice of Right to Sue as required by 42 U.S.C. § 2000e-5(e) and (f)(1).  Defendant argues that failing to plead sufficient factual substantiation for failure to exhaust the administrative remedies should result in dismissal as a matter of law.  See Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 9(c).  Further, Defendant states that Plaintiff's failure to exhaust the administrative remedies frustrated the express purposes of the Title VII procedures, including notifying Defendant of the charge of discrimination, investigating the charge, and attempting conciliation prior to the commencement of a lawsuit.  See Patterson v. McLean Credit Union, 491 U.S. 164, 180-81 (1989).  Finally, Defendant argues that, because of the central role afforded the conciliation process under Title VII, courts have repeatedly denied attempts by plaintiffs to bypass the explicit administrative requirements.  See id.; see, e.g., Jerome v. Viviano Food Co., Inc., 489 F.3d 965, 966 (6th Cir. 1974).  Accordingly, Defendant requests that Plaintiff's Title VII claim of racial discrimination be dismissed as a matter of law.

On April 8, 2010, Plaintiff filed his Response to Defendant's Motion for Judgment on the Pleadings (D.E. #14).  Plaintiff alleged in his Response that he filed a detailed questionnaire with the EEOC, that he believed he had properly initiated a charge with the EEOC, that he "attempted to file a Complaint . . . but was denied this right," and that his questionnaire should be considered as a Charge of Discrimination.  However, while Plaintiff's Response includes attachments of Plaintiff's EEOC Questionnaire and Plaintiff's Affidavit, Plaintiff's Complaint does not mention the

questionnaire or explain any other factual basis for his failure to exhaust administrative remedies before filing the instant case.  On April 19, 2010, Defendant filed its Reply Brief in Support of its Motion for Judgment on the Pleadings.  (D.E. #18).  Defendant argued that the authorities Plaintiff submitted for his position that his questionnaire should constitute a Charge of Discrimination are misplaced.

### III.  Analysis

The sole issue presented in the instant motion is whether Plaintiff's claims of racial discrimination in violation of Title VII must fail as a matter of law pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Rule 12(c) states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion be granted only if the moving party is nevertheless clearly entitled to judgment."  Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008) (quoting JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007)).

To survive a motion for judgment on the pleadings, the complaint must contain a "short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. P. 8(2).   This pleading standard does not required "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed me" accusation.  Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do."  Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked

assertion[s]" devoid of "further factual enhancement."  Id. at 557.

Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 557).

To initiate a Title VII action of discrimination on the basis of race, a Charge of Discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice and notice of the charge . . . shall be served upon the person against whom such a charge is made within ten days thereafter . . . ."  42 U.S.C. § 2000e-5(e)(1).  If a charge is either dismissed, not initiated as a civil action, or not reconciled with a conciliation agreement, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge" by the person claim to be aggrieved.  42 U.S.C. § 2000e-5(f)(1).

Under federal law, "[i]t is well-established that a party's exhaustion of administrative processes for filing a claim of discrimination is a condition precedent to filing suit in the district court."  Mitchell v. Chapman, 343 F.3d 811, 820-21 (6th Cir. 2003) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982)).  To properly plead the completion of any condition

precedent, "it suffices to allege generally that all conditions precedent have occurred or been performed."  Fed. R. Civ. P. 9(c).  However, because exhaustion of remedies is a condition precedent rather than a jurisdictional prerequisite, the completion of this requirement may be waived by the parties or by the Court.  Id.  The Sixth Circuit has held that, while the "receipt of a notice of the right to sue is a condition precedent to filing a Title VII action, and although it is subject to equitable waiver," waiver is not appropriate if the plaintiff "cited no grounds to support such a waiver."  Williams v. Bortz, 208 F.3d 216 (6th Cir. 2000); see also Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1488 (6th Cir. 1989) (declining to waive the requirement of exhaustion of administrative remedies because plaintiff "has offered no circumstances under which she is entitled to waiver.").

In the instant case, Plaintiff's Complaint alleges the following with respect to his exhaustion of administrative remedies: "Plaintiff attempted to file a Complaint with the Equal Employment Opportunity Commission but was denied this right."  Pl.'s Compl. ¶ 4.  Under these circumstances, it is undisputed that Plaintiff failed to exhaust the administrative remedies; however, the Court will consider whether his assertion that he was "denied this right" excuses his failure.

Upon review of Plaintiff's Complaint, the Court finds that it provides no factual support for his assertion that he was denied the right to file a Charge of Discrimination, obtain a Notice of Right to Sue, or otherwise exhaust the administrative remedies.  In fact, the only conclusory statement contained in the Complaint that attempts to excuse Plaintiff's exhaustion of remedies it that he was "denied this right."  As such, this factually bare statement is precisely the form of pleading that is insufficient under Twombly and Iqbal.  See  Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. at 1949 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 555).  While such a statement may raise a possibility

6

that would support Plaintiff's argument, it does not contain further factual substantiation to establish a plausible claim that Plaintiff is entitled to have the exhaustion-of-remedies requirement equitably waived based upon the alleged denial any right.

Further, while Plaintiff now argues in his Response to the instant Motion for Judgment on the Pleadings that his filing of an EEOC Questionnaire should constitute sufficient exhaustion of remedies, the Court need not address the merits of that argument because Plaintiff's Complaint fails to make any reference whatsoever to the EEOC Questionnaire or any other factual basis for his alleged denial of the right to exhaust the administrative remedies.  Accordingly, Defendant's Motion for Judgment on the Pleadings is hereby GRANTED.

### III. Conclusion

For the reasons set forth herein, Defendant's Motion for Judgment on the Pleadings is hereby GRANTED.

**IT IS SO ORDERED** this 18th day of June, 2010.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE